IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| CYNTHIA D. MOHRMANN and ROBERT MOHRMANN, wife and husband, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation doing business in Washington,<br><br>Defendant. | CAUSE NO.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>JURY DEMAND OF TWELVE |

**TO: Clerk of the United States District Court for the Western District of Washington at Seattle:**

Please take note that Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

//

DEFENDANT'S NOTICE OF REMOVAL - Page 1

## I. STATE COURT ACTION

1. The State Court action to be removed *Cynthia D. Mohrmann and Robert Mohrmann v. Home Depot U.S.A., Inc.*, Lewis County Washington Superior Court No. 20-2-00542-21. (Plaintiff's Complaint – **Exhibit A**.)

## II. TIME FOR REMOVAL

2. Plaintiffs filed their action in Lewis County Superior Court on August 14, 2020. The Complaint was served on Home Depot on August 18, 2020. Defendant therefore has until September 18, 2020, or 30 days after service of Plaintiffs' Complaint, to move for removal to this Federal District Court. 28 U.S.C. § 1446(b).

## III. BASIS FOR REMOVAL

3. A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A. Amount in Controversy

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003).

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life,

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200 F: (206) 223-4065

loss of wages and earning capacity, and permanent disability and disfigurement).

7. Similar damage allegations personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); accord *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8. Plaintiff Cynthia Mohrmann alleges that, on or about September 1, 2017, while she was shopping at the Chehalis, Washington Home Depot store, she tripped over the corner of a pallet in the garden department and fell on the concrete floor. Ex. A ¶2.4. Plaintiff Cynthia Mohrmann alleges that as a result, she fractured her right knee cap, require multiple surgeries and still requires medical care and treatment. Ex. A ¶2.7. Plaintiff Cynthia Mohrmann also alleges damages including emotional distress, pain and suffering, loss of enjoyment of life, future medical expenses and general damages. Ex. A ¶4.2. Furthermore, Plaintiff Robert Mohrmann alleges that, as a direct and proximate cause of the negligence of Home Depot, he has sustained loss of consortium and is entitled to compensation therefore. Ex. A ¶5.1.

9. A reasonable person would conclude that Plaintiffs are seeking damages in excess of $75,000. That is, Plaintiffs filed their Complaint in the Superior Court. In Washington, the

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts. RCW 2.08.010; 3.66.020; CR 101(a).

10. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiffs seek an award for Plaintiffs' reasonable attorney's fees, costs and disbursements and other and further relief as the court may deem just and equitable. Ex. A.

11. Therefore, it is apparent from the face of Plaintiffs' Complaint that Plaintiffs' alleged damages exceed $75,000.

**B. Diversity of Citizenship**

12. This is a personal injury action arising from damages allegedly sustained by Plaintiff Cynthia Mohrmann while shopping at a Home Depot store in Chehalis, Washington.

13. Plaintiffs' Complaint states that Plaintiffs are residents of Lewis County, Washington, and are therefore Washington citizens. Ex. A, ¶1.1.

14. Defendant Home Depot, U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert*, *Exhibit 1*. For the purpose of removal based on diversity jurisdiction, Home Depot is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

//

//

DEFENDANT'S NOTICE OF REMOVAL - Page 5

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200 F: (206) 223-4065

## IV. REQUIRED DOCUMENTS

15. Home Depot will promptly file a copy of this Notice with the Clerk of the Lewis County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

16. Within 10 days of this Notice, Home Depot will file with the District Court of Washington black-and-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings. Local Rules W.D. Wash. 101(c).

17. In accordance with 28 U.S.C. § 1446, attached are the following documents which have been served on Home Depot: **Exhibit A** – the Complaint; **Exhibit B** – Summons; **Exhibit C** – Notice of Appearance of Counsel; and **Exhibit D** – Civil Cover Sheet.

## V. JURY DEMAND

18. As permitted by Fed. R. Civ. P. 38, Fed. R. Civ. P. 81(c)(3), and Local Rules 38(b) and 101(e), Home Depot demands a jury of 12.

## VI. INTRADISTRICT ASSIGNMENT

19. This matter should be assigned to the Tacoma Division, as the alleged events in this matter arose in Lewis County and the Complaint alleges Plaintiff resides in Lewis County, making the Tacoma Division the appropriate venue. Local Rules W.D. Wash. 3(e).

WHEREFORE, Defendant Home Depot requests that the above action, *Cynthia D. Mohrmann and Robert Mohrmann v. Home Depot U.S.A., Inc.*, Lewis County Washington

Superior Court No. 20-2-00542-21, be removed to the United States District Court for the Western District of Washington at Tacoma.

DATED 14th day of September, 2020 in Seattle, Washington.

HOLT WOODS & SCISCIANI LLP

*s/ Kelsey L. Shewbert*
*s/ Charissa Williams*
Kelsey Shewbert, WSBA No. 51214
kshewbert@hwslawgroup.com
Charissa Williams, WSBA No. 54879
cwilliams@hwslawgroup.com
Attorneys for Home Depot U.S.A., Inc.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>Bart J. Ricks<br>Mano, Paroutaud, Groberg & Ricks<br>PO Box 1123<br>Chehalis, WA 98532<br>bart@chehalislaw.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via CM/ECF** |

DATED this 14th day of September, 2020 in Seattle, Washington.

*s/Christie Kramer*
Christie Kramer, Legal Assistant